# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10394 FMO (SSx) | Date | December 28, 2018 |
|---|---|---|---|
| Title | Arvind M. Patel, et al. v. County of Los Angeles, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States Magistrate Judge | |
|---|---|---|
| Vanessa Del Rio | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal [1]

Plaintiffs filed the Complaint in this case on December 16, 2018. (See Dkt. 1, Complaint). Plaintiffs bring suit against the County of Los Angeles ("County"), the County's Sheriff's Department, Choice Hotels International, Inc. ("Choice Hotels"), Bank of America, N.A. and several Doe defendants, (collectively, "defendants"). (See id. at ECF 1). This suit arises from a state-court judgment that was entered against plaintiff Arvind Patel ("plaintiff"). According to the complaint, a state court in Maryland entered judgment in favor of Choice Hotels and against plaintiff, who resides in California. (See id. at ¶¶ 8, 11). Subsequently, a California state court entered judgment against plaintiff, according full faith and credit to the Maryland court's judgment. (See id. at ¶¶ 9, 11).

Plaintiff appealed the California court's judgment to the California Court of Appeal, arguing that the California court violated his constitutional rights. (See Dkt. 1, Complaint at ¶ 13). This appeal was unsuccessful, and the Court of Appeal affirmed the entry of judgment against plaintiff. (See id. at ¶ 14). The California state court then entered a writ of execution and the County's Sheriff's Department seized plaintiff's bank account. (See id. at ¶¶ 18, 21). Rather than appeal the adverse state-court proceedings to the California Supreme Court, plaintiffs[1] filed this suit under 42 U.S.C. § 1983, alleging that defendants violated their Fourth, Fifth and Fourteenth Amendment rights. (See id. at ¶ 1).

Having reviewed plaintiffs' Complaint, it appears that the action may be barred by the Rooker-Feldman doctrine, which prevents a federal court from reviewing a state court's decisions even if the complaint alleges that the state court's action was unconstitutional. See Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir. 1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1314-17 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923)). A complaint challenges a state court decision if the constitutional claims are "inextricably intertwined" with the state court's decision in

---

[1] Plaintiffs in this matter are Arvind Patel and several of his family members. (See Dkt. 1, Complaint at ECF 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10394 FMO (SSx) | Date | December 28, 2018 |
|---|---|---|---|
| Title | Arvind M. Patel, et al. v. County of Los Angeles, et al. | | |

a judicial proceeding.  See Feldman, 460 U.S. at 483 n. 16, 103 S.Ct. at 1316 n. 16; Dubinka, 23 F.3d at 221-22.  Thus, the Rooker-Feldman doctrine divests federal district courts of subject matter jurisdiction where the plaintiff "complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants."  Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003); see Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) ("The Rooker-Feldman doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment.").

Based on the foregoing, IT IS ORDERED THAT:

1.  No later than **January 11, 2019**, plaintiffs shall show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.

2.  Failure to file a timely response to this Order to Show Cause by the deadline set forth above shall be deemed as consent to the dismissal of the action for lack of subject matter jurisdiction and/or failure to comply with the orders of the court.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |